```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

EVERLINA LAURICE HARP          :      CIVIL ACTION
                               :
            v.                 :
                               :
LAURICE M. KOURY               :      NO. 13-2470

MEMORANDUM

Bartle, J.                                        June 21, 2013

  Plaintiff Everlina Laurice Harp, proceeding pro se, brings this action against Laurice M. Koury, doing business as Laurice Skin Care and Cosmetics, for violations of the Lanham Act including trademark dilution under 15 U.S.C. § 1125(c), "violations of US trademark counterfeiting statute," unfair competition, intentional interference with business relations, and civil conspiracy.  Harp alleges various trademark violations due to Koury's use of her trade name "Laurice" and her conduct online, particularly on social media channels.

  Before the court is the motion of the defendant to dismiss all counts of the complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure and to dismiss for lack of proper venue.  Plaintiff has not filed a response.

I.

  When a defendant moves to dismiss a claim under Rule 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction exists.  See Marten v. Godwin, 499 F.3d 290, 295-96

(3d Cir. 2007). At this stage the plaintiff must establish only "a prima facie case of personal jurisdiction" and is entitled to have her allegations taken as true and all factual disputes drawn in her favor. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). Nonetheless, the plaintiff must allege "specific facts" rather than vague or conclusory assertions. Marten, 499 F.3d at 298.

## II.

The following facts are undisputed or are viewed in the light most favorable to Harp. Since 1994, Harp has operated a sole proprietorship doing business as Everlina and Laurice Co., with its principal place of business in Norristown, Pennsylvania. The business provides cleaning preparations for jewelry, glassware, and silverware; and a variety of cosmetic products, such as shampoo and soap. Harp has registered the trademarks "Everlina Laurice" and "LAURICE" with the United States Patent and Trademark Office, both with the same business descriptions. Harp sells products through trade shows, mail, telephone order, and over the internet at everlinalaurice.com.

According to defendant Koury's uncontested affidavit, she is a licensed Esthetician and provides "healthy skin" consultation. Since 1975, she has operated a sole proprietorship doing business as "Laurice" and since the mid 1980's she has manufactured skin care products as "Laurice Skin Care and Cosmetics." Koury only sells products and services in Pepper Pike, Ohio. She has never conducted any business outside of Ohio

and does not have any business operations relating to Pennsylvania.  Since 1996, her skin care company has maintained a website, lauriceskincare.com, but its sole purpose is to provide information about the business.  She does not conduct any business transactions online.

III.

In a federal question action, as in a diversity case, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state.  See Graphic Controls Corp. v. Utah Med. Prods., 149 F.3d 1382, 1385-86 (Fed. Cir. 1998); DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 283 (3d Cir. 1981); Fed. R. Civ. P. 4(k)(1)(A).  Pennsylvania law provides for jurisdiction coextensive with that allowed by the Due Process Clause of the Constitution.  42 Pa. Cons. Stat. Ann. § 5322(b).

Under the Due Process clause, we may exercise personal jurisdiction only over defendants who have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted).  A parallel inquiry is whether the defendants' contacts with the forum state are such that the defendants should "reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A federal district court may exercise personal jurisdiction over nonresident defendants based on either general jurisdiction or specific jurisdiction. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." Marten, 499 F.3d at 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 nn.8-9 (1984)). There is specific jurisdiction when the claim arises from or relates to conduct purposely directed at the forum state. Id. (citing Hall, 466 U.S. at 414-15 nn.8-9).

The threshold requirement for finding of general personal jurisdiction is very high. See Compagnie des Bauxites de Guinea v. Ins. Co. of N.A., 651 F.2d 877, 890 & nn.1-2 (3d Cir. 1981). Factors to consider in determining whether the defendant in her business capacity has maintained systematic and continuous contacts include "the nature and quality of business contacts the defendant has initiated with the forum; direct sales in the forum; maintenance of a sales force in the state; [and] advertising targeted at the residents of the forum state." Automated Med. Prods. Corp. v. Int'l Hosp. Supply Corp., No. 97-2328, 1998 U.S. Dist. LEXIS 1231 (E.D. Pa. Jan. 29, 1998).

Our Court of Appeals has held that "the mere operation of a commercially interactive website" does not subject defendants to jurisdiction anywhere in the world. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003). Harp has not identified any contacts that Koury has or had with Pennsylvania. The only evidence before us describes defendant's

website as purely passive, with the sole purpose of providing information about her business. Koury has neither specifically targeted Pennsylvania residents nor conducted any business transactions in Pennsylvania through her website or social media presence. She has no clients, distributors, or manufacturing agents in the Commonwealth and has never advertised here. In fact, her products and services are only offered in Pepper Pike, Ohio. Laurice Koury and her business do not have continuous or systematic contacts with Pennsylvania, and thus we may not assert general jurisdiction over her.

We will now turn to whether we may exercise specific jurisdiction over Laurice Koury and her business. To determine whether specific jurisdiction exists, courts generally engage in a three-part inquiry. As stated in D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102-03 (3d Cir. 2009):

> First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.

(internal quotations, alternations, and citations omitted).

A plaintiff's residence is the proper forum when it is also "the focus of the activities of the defendant out of which the suit arises." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 780 (1984). Here, the focus of the alleged activities of

the defendant was not in Pennsylvania, but in Ohio, where the defendant is domiciled and where her business is located.

The United States Supreme Court has determined that defendants are subject to personal jurisdiction if they expressly aim intentional, tortious conduct at the forum state. See Calder v. Jones, 465 U.S. 783, 789-90 (1984). All of Harp's claims rest on Koury's commercial trade name and alleged tortious conduct of her online presence. Under Calder, a plaintiff may demonstrate specific personal jurisdiction where an intentional tort is alleged if it shows:

> (1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the harm suffered by the plaintiff as a result of that tort; (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Marten, 499 F.3d at 297. Under this test, specific jurisdiction may exist even where the defendant's contacts with the forum state would ordinarily not rise to the level required for due process under the traditional analysis. Id. "Only if the 'expressly aimed' element of the effects test is met need we consider the other two elements." Id. This element is established if the plaintiff demonstrates that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point[s] to specific activity indicating that the defendant expressly aimed

its tortious conduct at the forum." IMO Indus. v. Kiekert AG, 155 F.3d 254, 266 (3d Cir. 1998).

The "expressly aimed" element of the effects test is thus not satisfied here. See Marten, 499 F.3d at 293. Harp has not alleged or produced evidence that the defendant knew about Harp, or her business, or that Harp would suffer the brunt of the harm caused by any online activity of the defendant in Pennsylvania. There is nothing in the record indicating that the defendant expressly aimed any tortious conduct at Pennsylvania.

Consequently, we may not exercise specific personal jurisdiction over Laurice Koury or her business.

IV.

We will grant the motion of defendant Laurice Koury to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.