IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERLINA LAURICE HARP | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LAURICE M. KOURY | : | NO. 13-2470 |

MEMORANDUM

Bartle, J.  August 15, 2013

Everlina Laurice Harp, proceeding pro se, instituted this action against Laurice M. Koury, doing business as Laurice Skin Care and Cosmetics, also proceeding pro se, for violations of the Lanham Act including trademark dilution under 15 U.S.C. § 1125(c), "violations of US trademark counterfeiting statute," unfair competition, intentional interference with business relations, and civil conspiracy. Harp alleges various trademark violations due to Koury's use of the trade name "Laurice" and her conduct online, particularly on social media channels.

On June 3, 2013, defendant, who is located in Ohio, filed a motion to dismiss for lack of personal jurisdiction, together with a supporting affidavit. A certificate of service by mail was attached. Plaintiff filed no response to the motion. On June 21, 2013, the court dismissed the complaint for lack of personal jurisdiction. The order was accompanied by a Memorandum explaining why no personal jurisdiction existed based on the

undisputed facts presented.  Harp v. Koury, No. 13-2470, 2013 U.S. Dist. LEXIS 87352.

Thereafter, plaintiff filed a series of motions which we deemed to include a motion for reconsideration.  In her papers, she asserted that she had not received a copy of the motion of the defendant to dismiss or the supporting affidavit.  Plaintiff did not address the issue of personal jurisdiction in those motions, nor did she request discovery on personal jurisdiction.  On July 12, 2013, the court issued an Order directing the Clerk's Office to mail a copy of defendant's motion to dismiss and supporting affidavit to plaintiff and granting plaintiff until July 29, 2013 to file a supplemental brief in support of her motion for reconsideration.

On July 29, 2013, plaintiff filed three documents:  a supplemental brief in support of injunction, a "motion to ceast and disist," and a demand for jury trial.  While the supplemental brief goes into great detail about the trademark claim against Ms. Koury and allegations of professional misconduct, it fails to address in any substantive way the issue of personal jurisdiction.  Plaintiff states "the defendants' lack of physical presence in PA is entirely irrelevant higher risk of impersonation on sites and social sites where the Lawery [sic] koury, username or account name becomes the identity of the poster Lawyer koury, robbing the PLAINTIFF, daily."  We agree

undisputed facts presented.  Harp v. Koury, No. 13-2470, 2013 U.S. Dist. LEXIS 87352.

Thereafter, plaintiff filed a series of motions which we deemed to include a motion for reconsideration.  In her papers, she asserted that she had not received a copy of the motion of the defendant to dismiss or the supporting affidavit.  Plaintiff did not address the issue of personal jurisdiction in those motions, nor did she request discovery on personal jurisdiction.  On July 12, 2013, the court issued an Order directing the Clerk's Office to mail a copy of defendant's motion to dismiss and supporting affidavit to plaintiff and granting plaintiff until July 29, 2013 to file a supplemental brief in support of her motion for reconsideration.

On July 29, 2013, plaintiff filed three documents:  a supplemental brief in support of injunction, a "motion to ceast and disist," and a demand for jury trial.  While the supplemental brief goes into great detail about the trademark claim against Ms. Koury and allegations of professional misconduct, it fails to address in any substantive way the issue of personal jurisdiction.  Plaintiff states "the defendants' lack of physical presence in PA is entirely irrelevant higher risk of impersonation on sites and social sites where the Lawery [sic] koury, username or account name becomes the identity of the poster Lawyer koury, robbing the PLAINTIFF, daily."  We agree

that presence in Pennsylvania is not required in order to establish personal jurisdiction.  Nonetheless, as we explained in our June 21, 2013 Memorandum, the undisputed facts in the record here negate the existence of personal jurisdiction over defendant.  See Harp, No. 13-2470, 2013 U.S. Dist. LEXIS 87352.

For the foregoing reasons, the various pending motions of plaintiff, including her motion for reconsideration, will be denied and the Clerk will be directed to mark this action closed.